# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **SILVERIO VASQUEZ SALDAÑA,** | : |
| | : |
| Plaintiff, | :    Civil Action Number: |
| | : |
| vs. | : |
| | : |
| **JONESBORO FURNITURE OUTLET,** | : |
| **INC., ROYAL MANUFACTURING, INC.,** | : |
| **LILIA T. LIU and ERIC LIU** *a.k.a.* | : |
| **KUO JANE LIU,** | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Silverio Vasquez Saldaña, by and through the undersigned counsel,
brings this Complaint against Defendants Jonesboro Furniture Outlet, Inc., Royal
Manufacturing, Inc., Lilia T. Liu and Eric Liu a.k.a. Kuo Jane Liu (hereafter collectively
referred to as "Defendants") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as
amended) (29 U.S.C. § 201 et.seq.),( hereinafter "the FLSA") to (1) recover the overtime

pay that was denied him and an additional amount as liquidated damages; and (2) for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants are located in this judicial district and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Cobb County, Georgia.

5.

Defendant Jonesboro Furniture Outlet, Inc., (hereinafter "Jonesboro") employed Plaintiff as a laborer in and around Forest Park, Georgia from November 1999 until June 30, 2011.

6.

At all times relevant to this suit, Plaintiff was an "employee" of Jonesboro as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about December 13, 2008 until June 30, 2011, Plaintiff had been "engaged in commerce" as an employee of Jonesboro as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

At all times relevant to this suit, Plaintiff had been engaged in the "production of goods for commerce" as an employee of  Jonesboro as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Jonesboro is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Jonesboro has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about December 13, 2008 until June 30, 2011, Jonesboro was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2008, Jonesboro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2009, Jonesboro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2010, Jonesboro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, Jonesboro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2008, Defendant Jonesboro had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2009, Defendant Jonesboro had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2010, Defendant Jonesboro had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, Defendant Jonesboro had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2008, Defendant Jonesboro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2009, Defendant Jonesboro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2010, Defendant Jonesboro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Defendant Jonesboro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

In 2008, Jonesboro had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

In 2009, Jonesboro had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

In 2010, Jonesboro had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

In 2011, Jonesboro had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all time material hereto, Jonesboro has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

Jonesboro is subject to the personal jurisdiction of this Court.

30.

Jonesboro may be served with process through its registered agent, Kuo Jane Liu, 4749 Jonesboro Road, Forest Park, Georgia 30297.

31.

Defendant Royal Manufacturing, Inc., (hereinafter "Royal") employed Plaintiff as a laborer in and around Atlanta, Georgia from November 1999 through June 30, 2011.

32.

At all times relevant to this suit, Plaintiff was an "employee" of Royal as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

33.

From on or about December 13, 2008 until June 30, 2011, Plaintiff had been "engaged in commerce" as an employee of Defendant Royal as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

34.

At all times relevant to this suit, Plaintiff had been engaged in the "production of goods for commerce" as an employee of  Defendant Royal as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

35.

At all times relevant to this suit, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213.

36.

Royal is a corporation organized under the laws of the State of Georgia.

37.

At all times material hereto, Royal has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

38.

From on or about December 13, 2008 until June 30, 2011, Defendant Royal was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

39.

During 2008, Royal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

40.

During 2009, Royal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

41.

During 2010, Royal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

42.

During 2011, Royal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

43.

During 2008, Defendant Royal had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

44.

During 2009, Defendant Royal had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

45.

During 2010, Defendant Royal had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

46.

During 2011, Defendant Royal had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

47.

During 2008, Defendant Royal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

48.

During 2009, Defendant Royal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

49.

During 2010, Defendant Royal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

50.

During 2011, Defendant Royal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

51.

In 2008, Royal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

52.

In 2009, Royal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

53.

In 2010, Royal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

54.

In 2011, Royal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

55.

At all times material hereto, Royal has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

56.

Royal is subject to the personal jurisdiction of this Court.

57.

Royal may be served with process through its registered agent, Kuo Jane Liu, 4225-A Frederick Drive, Marietta, Georgia 30336.

58.

Jonesboro and Royal comprise a single "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

59.

At all times material hereto, Jonesboro and Royal have shared the services of Plaintiff.

60.

At all times material hereto, Royal and Jonesboro have acted directly or indirectly in the interest of each other with respect to Plaintiff.

61.

At all times material hereto, Plaintiff has been under the direct control of both Jonesboro and Royal.

62.

At all times material hereto, Jonesboro and Royal have exercised joint control over the Plaintiff in his capacity as an employee.

63.

In 2008, Royal and Jonesboro jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

64.

In 2009, Royal and Jonesboro jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

65.

In 2010, Royal and Jonesboro jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

66.

In 2011, Royal and Jonesboro jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

67.

At all times relevant to this action, Jonesboro and Royal have been a joint employer of Plaintiff within the meaning of the FLSA.

68.

Defendant Lilia T. Liu (hereafter " Lilia") resides within Cobb County, Georgia.

69.

At all times material hereto, Lilia has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

70.

Lilia is subject to the personal jurisdiction of this Court.

71.

Defendant Eric Liu resides within Cobb County, Georgia.

72.

At all times material hereto, Defendant Eric Liu a.k.a. Kuo Jane Liu (hereinafter "Eric") has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

73.

Eric is subject to the personal jurisdiction of this Court.

74.

At all times relevant to this suit, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213.

## COUNT I — FAILURE TO PAY OVERTME

75.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

76.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

77.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

78.

During his employment with Defendants, Plaintiff regularly worked in excess of fifty (50) hours each week.

79.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from December 2008 through June 30, 2011.

80.

At all times material hereto, Defendants were aware of their obligations under the FLSA to pay an overtime premium.

81.

Defendants have made no efforts to obtain guidance from the Federal Department of Labor as to the proper way to pay Plaintiff.

82.

Defendants have made no efforts to obtain guidance from the State Department of Labor as to the proper way to pay Plaintiff.

83.

Defendants have failed to make, keep or preserve work time records for Plaintiff.

84.

Defendants have failed to make, keep or preserve work time schedules for Plaintiff.

85.

Defendants have failed to make, keep or preserve work schedules for Plaintiff.

86.

Defendants have failed to make, keep or preserve pay records for Plaintiff.

87.

Defendants willfully failed to Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from December 12, 2008 through June 30, 2011.

88.

Plaintiff is entitled to payment of an overtime premium in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

89.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

90.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his costs of litigation, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before the Court;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER          CHARLES R. BRIDGERS
101 MARIETTA STREET            GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                 /s/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)             KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   GA. BAR NO. 262375
charlesbridgers@dcbflegal.com
                               COUNSEL FOR PLAINTIFF