# SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **JONESBORO FURNITURE OUTLET, INC., ROYAL MANUFACTURING, INC., LILIA T. LIU** and **ERIC LIU** *a.k.a.* **KUO JANE LIU** for themselves and their heirs, successors and assignees (hereinafter jointly referred to as "**DEFENDANTS**"), and **SILVERIO VASQUEZ SALDAÑA** (hereinafter referred to as "**PLAINTIFF**").

## WITNESSETH:

**WHEREAS, PLAINTIFF** was employed by **DEFENDANTS,** and

**WHEREAS,** on December 13, 2011, **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled <u>Silverio Vasquez Saladana v. Jonesboro Furniture Outlet, Inc., et al</u>, which was assigned Civil Action No. [1:11-CV-04342-SCJ] (hereinafter "the Civil Action"); and

**WHEREAS, PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act and seeks damages for back pay, liquidated damages, attorney's fees, and costs; and

**WHEREAS, DEFENDANTS** have denied and continue to deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS, DEFENDANTS** assert that there is no factual or legal basis for the allegations in the Civil Action; and

1

**WHEREAS**, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

**WHEREAS**, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **DEFENDANTS** or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFF** agree as follows:

## CONSIDERATION

1.

**DEFENDANTS** will cause to be paid jointly to **PLAINTIFF** and [his/her] attorneys the total sum of Twenty-Five Thousand Dollars ($25,506.32) in the form of a check in the that amount made payable to "Kevin D. Fitzpatrick, Jr.," which amount is allocated backpay, liquidated damages, attorneys' fees and expenses of litigation and for which a 1099 form will be issued. This payment will be made within ten (10) business days after approval of this Settlement Agreement by the Court. From the funds received, Plaintiff's counsel will remit the sum of Twelve Thousand Five Hundred Six Dollars and Thirty Two Cents (12,506.32) to Plaintiff, which amout is allocated as backpay and liquidated damages. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. **DEFENDANTS** agree that the attorneys' fees and costs allocated herein are reasonable and cus-

tomary as to the rate charged, the work done and the time billed for that work. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

2.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A" within ten (10) business days after payment.

## WAIVER AND RELEASE OF ALL CLAIMS

3.

**PLAINTIFF**, for himself, his attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges **DEFENDANTS** and all of their present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF** and **DEFENDANTS** or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to his employment with **DEFENDANTS**, including but not limited to, the Civil

Action, and the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** represents that he is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which he has or may have against either **DEFENDANTS** at this time, whether or not related to his employment. **PLAINTIFF** further agrees and acknowledges that **DEFENDANTS** are relying upon this representation in entering into this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by **PLAINTIFF** include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

4.

**PLAINTIFF** represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for [him/her] with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANTS** under the Agreement are intended to include all legal

fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil Action.

## WARRANTY

5.

**PLAINTIFF** represents and warrants that he alone is entitled to assert any claim he may have against **DEFENDANTS** of any kind or character arising out of, or as a consequence of, his employment with **DEFENDANTS** to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against Defendants. **PLAINTIFF** agrees to indemnify and hold **DEFENDANTS** harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against **DEFENDANTS** or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold **DEFENDANTS** harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

6.

**PLAINTIFF** affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused his to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has been advised to consult with legal counsel prior to executing the Agreement; that he has had a reasonable period of time within which to consider the Agreement; and that he has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

7.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS**, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by **DEFENDANTS**, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

8.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## NON-DISPARAGEMENT

9.

**PLAINTIFF** agrees and promises that unless required by law to do so, [he/she] will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **DEFENDANTS'** reputation or business. **DEFENDANTS** agree and promise that unless required by law to do so, they will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **PLAINTIFF**.

## JUDICIAL APPROVAL OF SETTLEMENT

10.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 1 of this Agreement will be disbursed to

**PLAINTIFF** until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

### OTHER RELIEF, AGREEMENTS AND COVENANTS

11.

**PLAINTIFF** agrees to voluntarily withdraw any and all administrative complaints and/or charges he has filed against **DEFENDANTS** and which are presently pending before any administrative body, to the extent there are any.

12.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

13.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

14.

This Agreement inures to the benefit of **DEFENDANTS** and their successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **DEFENDANT's** successors and assigns.

### JURISDICTION AND VENUE

15.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Cobb County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this fourth day of September 2012.

SILVERIO VAZQUEZ SALDAÑA
**SILVERIO VASQUEZ SALDAÑA**

Sworn to and subscribed
before me this 4th day
of September 2012.

NOTARY PUBLIC
My Comm'n Expires:
March 17, 2013

For **JONESBORO FURNITURE OUTLET, INC.,**

By: **ERIC LIU** a.k.a **KUO JANE LIUI**

Its President

Sworn to and subscribed
before me this 10 day
of September 2012.

NOTARY PUBLIC
My Comm'n Expires: Aug 18, 2015

**GAIL GUTHART**
NOTARY PUBLIC
Cobb County - State of Georgia
My Comm. Expires Aug. 18, 2015

For **ROYAL MANUFACTURING, INC.,**

8

[signature]

By: **ERIC LIU** *a.k.a* **KUO JANE LIUI**

Its _President_

Sworn to and subscribed
before me this _10_ day
of September 2012.

[signature]
NOTARY PUBLIC
My Comm'n Expires: Aug 18, 2015

> GAIL GUTHART
> NOTARY PUBLIC
> Cobb County - State of Georgia
> My Comm. Expires Aug. 18, 2015

[signature]

**LILIA T. LIU**

Sworn to and subscribed
before me this _10_ day
of September 2012.

[signature]
NOTARY PUBLIC
My Comm'n Expires: August 18, 2015

> GAIL GUTHART
> NOTARY PUBLIC
> Cobb County - State of Georgia
> My Comm. Expires Aug. 18, 2015

[signature]

**ERIC LIU** *a.k.a* **KUO JANE LIU**

Sworn to and subscribed
before me this _10_ day
of September 2012.

[signature]
NOTARY PUBLIC
My Comm'n Expires: Aug 18, 2015

> GAIL GUTHART
> NOTARY PUBLIC
> Cobb County - State of Georgia
> My Comm. Expires Aug. 18, 2015

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SILVERIO VASQUEZ SALDAÑA, | |
| Plaintiff, | Civil Action Number: |
| vs. | 1:11-cv-04342-SCJ |
| JONESBORO FURNITURE OUTLET, INC., ROYAL MANUFACTURING, INC., LILIA T. LIU and ERIC LIU *a.k.a.* KUO JANE LIU, | |
| Defendants. | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW Plaintiff and Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and agree to the dismissal with prejudice of this action, with each party to bear its own respective costs.

This the ____ day of September, 2012.

| | |
|---|---|
| **DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC** | **LAW OFFICE OF JULIE M. WEINER** |
| | *s/ Julie M. Weiner, Esq.* |
| *s/ Kevin D. Fitzpatrick, Jr.* | Julie M. Weiner |
| Kevin D. Fitzpatrick, Jr. | Georgia Bar No. 246226 |
| Georgia Bar No. 262375 | |
| | P.O. Box 669402 |
| *s/ Charles R. Bridgers* | Marietta, GA 30066 |
| Charles R. Bridgers | (770) 579-9787 |
| Georgia Bar No. 080791 | (678) 623-8090 (facsimile) |
| | JulieMWeiner@aol.com |

10

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF

*s/ Jack Rosenberg*
Jack Rosenberg
Georgia Bar No. 614475

5425 Glenridge Drive
Suite 53
Atlanta, GA 30342
(404) 343-1091
(404) 343-1497 (facsimile)
jackrosenberg2@gmail.com

COUNSEL FOR DEFENDANTS

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SILVERIO VASQUEZ SALDAÑA, | : |
| Plaintiff, | : Civil Action Number: |
| vs. | : 1:11-cv-04342-SCJ |
| JONESBORO FURNITURE OUTLET, INC., ROYAL MANUFACTURING, INC., LILIA T. LIU and ERIC LIU *a.k.a.* KUO JANE LIU, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing STIPULATION OF DISMISSAL WITH PREJUDICE using the CM/ECF system, which will automatically send email notification of such filing to all attorney of record:

This _____ day of September 2012,

3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA  30303
404) 979-3150

/s/ *Kevin D. Fitzpatrick, Jr.*,
Ga. Bar No. 262375
Counsel for Plaintiff

12